FILED
2017 Aug-01 AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARVIN HOLLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 2:17-CV-8023-SLB |
| vs. ) | Crim. Case No. 2:96-CR-0208-SLB-SGC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on a Motion for Relief from Unlawful Enhancement as a Career Offender Pursuant to § 2241 [hereinafter Motion for Relief], filed by petitioner, Marvin Holley. (Doc. 1; crim. doc. 482.)[1] Holley has previously filed a Motion to Vacate pursuant to § 2255[2] and habeas petitions pursuant to § 2241[3]. For the reasons set forth below, the court finds that it does not have jurisdiction over Holley's Motion for Relief pursuant to § 2241 challenging his conviction and sentence. Holley's Motion for Relief, (doc. 1; crim. doc. 482), will be denied and this case will be dismissed.

---

[1] Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:96-CR-0208-SLB-SGC, appear as "(Crim. Doc. __)." Citations to page numbers refer to the page numbers assigned to each document by the court's CM/ECF electronic filing system.

[2] *See Holley v. United States*, Case No. 5:02-CV-8056-SLB-PWG (N.D. Ala.)

[3] *See Holley v. Warden, FCC Coleman-USP II*, No. 5:12-CV-664-OC-30TBS (M.D. Fla.); *Holley v. Warden, USP Coleman*, Case No. 2:10-CV-2832-RBP-HGD (N.D. Ala.); *Holley v. Drew*, Case No. 2:09-CV-0591-IPJ (N.D. Ala.).

Holley contends "that he is 'actually innocent' of his designation as a career offender and his conviction for CCE [continuing criminal enterprise]," in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243.[4] (Doc. 1 at 1.) He argues his petition – challenging his conviction and sentence – can be brought pursuant to § 2241, stating:

> Under certain circumstances § 2255 permits a prisoner to seek[ ] [habeas] relief pursuant to 28 U.S.C. § 2241. A [prisoner] must show that he has exhausted his § 2255 remedy and the remedy provided through § 2255 is "inadequate or ineffective" to test the legality of his detention.[ ] See, 28 U.S.C. § 2255(e)(savings clause). The Eleventh Circuit recently overruled its prior precedents in McCarthan v. Director of Goodwill Industries Suncoast, Inc., 851 F.3d 1076 (11th [C]ir. 2017)(en banc). The Court established a new (and far simpler) test for when a petitioner seeking § 2255 relief can proceed under § 2241. Looking to the text of the Savings Clause, the Court concluded that the only relevant question is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. See, McCarthan, 851 F.3d at 1099-1100. If the answer is no, the § 2255 remedy is inadequate and [ineffective]. Id. The Petitioner wishes to challenge the execution of his

---

[4]Holley was with five counts in a Superseding Indictment: Count One – conspired to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count Two – engaged in a continuing criminal enterprise [CCE], in violation of 21 U.S.C. § 848; Count Three – while engaged in a CCE, killed Ronald Avans or Avans to be killed, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; Count Four – obstructed justice or endeavored to obstruct justice by soliciting the murder of a number of witnesses involved in the investigation of Avans's murder, in violation of 18 U.S.C. § 1503; and Count Five – obstructed justice by soliciting a co-defendant to confess falsely to the murder of Avans, in violation of 18 U.S.C. §§ 1503 and 371. (*See generally* crim. doc. 6.) Following a jury trial, the jury convicted Holley on all counts. (*See* crim. docs. 366 and 367.) Count One was vacated on the ground that it was a lesser-included offense and predicate act of Count Two. (Crim. doc. 405 at 1.) Holley was sentenced to a term of life as to Count Two, life imprisonment without the possibility of parole as to Count Three, ten years as to Count Four, and five years as to Count Five. (*Id*. at 2.)

2

sentence pursuant to § 2241.[5] See, e.g. Antonelli v. Warden, USP Atlanta, 542 F.3d 1348, 1352 (11th [C]ir.2008).

(Doc. 1 at 3-4 [footnote added].) Citing cases from the Seventh Circuit, Holley argues that his *Mathis* claims are properly brought pursuant to § 2241. (*Id*. at 4-5.) The court disagrees.

In *McCarthan v. Director of Goodwill Indus.-Suncoast, Inc.*, the Eleventh Circuit held, "A [§ 2255] motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention *only* when it cannot remedy a ***particular kind of claim***." 851 F.3d at 1099 (emphasis added). The *McCarthan* decision has been described as "a very restrictive approach, holding that claims that could have been tested in an initial § 2255 motion cannot pass through the saving clause." Brian Means, *Second or Successive Defined – Section § 2241 Habeas Petitions and Common Law Writs*, POSTCONVICTION REMEDIES, § 27:15 and n.8 (June 2017 Update)(citing *McCarthan*, 851 F.3d 1076 and *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011). Following *McCarthan*, the Eleventh Circuit has held:

> Under 28 U.S.C. § 2255's "saving clause," an inmate may only file a petition for a writ of habeas corpus under § 2241 where a motion for relief pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). We recently held, sitting en banc, that "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1079-80 (11th Cir. 2017)(quoting 28 U.S.C. § 2255(e)). "Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its

---

[5]A "challenge [to] the *execution* of his sentence," would include claims "such as the deprivation of good-time credits or parole determinations." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1093 (11th Cir. 2017). Holley, who was sentenced to life, does not raise such challenge to the execution of his sentence.

precedent, and failing that, to seek certiorari in the Supreme Court." *Id*. at 1099-1100.

*Acosta v. Warden, FCC Coleman–Medium*, No. 14-15414, 2017 WL 1531976, at *1 (11th Cir. Apr. 28, 2017);[6] *see also Smith v. FCC–Coleman-Medium Warden*, No. 15-13021, 2017 WL 3142288, *2 (11th Cir. July 25, 2017); *Humphreys v. Warden*, No. 15-12440, 2017 WL 2703556, *3 (11th Cir. June 22, 2017); *Morales v. Warden*, No. 15 14056, 2017 WL 2399582, at *1 (11th Cir. June 2, 2017); *Nipper v. Warden, FCC Coleman Medium*, No. 12-13281, 2017 WL 2378191, at *1 (11th Cir. June 1, 2017); *McDowell v. Warden, FCC Coleman-Medium*, No. 16-10047, 2017 WL 2352000, *3 (11th Cir. May 31, 2017);

Holley's § 2241 petition raises the following claims: (1) "Alabama Statute Code l3A-12-231 is not a Controlled Substance Offense under U.S.S.G. § 4B1.2," (doc. 1 at 5), (2) the Eleventh Circuit's decision in *United States v. Landaverde*, 629 Fed. Appx. 854, 856 (11th Cir. 2015), which held that Alabama's trafficking statute infers an intent to distribute, was wrongly decided, (*id*. at 8), (3) his prior convictions "do not qualify as predicates for CCE," (*id*. at 11), and (4) he should have been allowed to present evidence at his trial that he "may be guilty of growing/harvesting industrial hemp without the proper license," (*id*. at 15).[7] The court finds that Holley was "free to bring" these claims in his initial § 2255

---

[6]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

[7]Also, based on these grounds for vacating his conviction and sentence, Holley contends he should have a new trial because the jury was allowed to consider the vacated

4

Motion to Vacate. *McCarthan*, 851 F.3d 1099 (quoting *Prost*, 636 F.3d at 580). Therefore, the saving clause does not apply to Holley's § 2241 petition and this court lacks jurisdiction to consider his claims. *Williams v. Warden*, 713 F.3d 1332, 1339-40 (11th Cir. 2013), *abrogated on other grounds by McCarthan*, 851 F.3d 1076.

Holley, a federal prisoner, is attempting to collaterally attack the legality of his conviction and sentence; the appropriate means to challenge errors that occurred on or before sentencing is § 2255. *See United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980),[8] *cited in McCarthan*, 851 F.3d at 1089-90. However, because he has previously filed a § 2255 Motion to Vacate, Holley must receive permission from the Eleventh Circuit Court of Appeals before he may file a second or successive § 2255 Motion to Vacate.

Section 2244(a) states, "No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of

---

conspiracy charge and his prior state-court convictions, which he argues do not qualify as controlled-substance offenses, in finding him guilty of CCE and because the Sentencing Guidelines were mandatory at the time he was sentenced. (Doc. 1 at 15-17.) Finally, he asks the court to consider his time served and his age and to grant him release. (*Id*. at 17-18.)

[8]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

5

habeas corpus, except as provided in section 2255."[9] 28 U.S.C. § 2244(a). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. (b)(3)(A). "Only prisoners who satisfy the exceptions of section 2255(h) may collaterally attack their sentences more than once." *McCarthan*, 851 F.3d at 1090. Whether a prisoner has satisfied § 2255(h) is a question for the Eleventh Circuit because, "Without authorization [from the Eleventh Circuit], the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)(citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). "***This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable***." *United*

---

[9]Section 2255(h) states:

A second or successive motion ***must*** be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(emphasis added).

*States v. Mitchell*, No. 3:03CR57/LAC/CJK, 2015 WL 5635001, *2 (N.D. Fla. Aug. 20, 2015)(emphasis added), *report and recommendation adopted* 2015 WL 5674849 (N.D. Fla. Sept. 22, 2015); *see also Acosta*, 2017 WL 1531976 at *1 n.2 (noting that Acosta had received permission to file a second or successive § 2255 Motion).

The court finds that it is without jurisdiction to decide Holley's Motion for Relief as a § 2255 Motion to Vacate.

An Order denying Holley's Motion for Relief from Unlawful Enhancement as a Career Offender Pursuant to § 2241, (doc. 1; crim. doc. 482), and dismissing this case will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . **only** if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

The court lacks jurisdiction to entertain Holley's Motion for Relief from Unlawful Enhancement as a Career Offender pursuant to § 2241 based on binding Eleventh Circuit caselaw, and/or it lacks jurisdiction to entertain his § 2255 second or successive Motion to Vacate without authorization from the Eleventh Circuit Court of Appeals. Reasonable jurists could not disagree. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 31st day of July, 2017.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE